NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHERYL L. SWANSON,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7042

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-265, Judge Margaret C. Bartley.

---

Decided: June 11, 2014

---

CHERYL L. SWANSON, of Lucasville, Ohio, pro se.

NATHANAEL B. YALE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were Y. KEN LEE, Assistant Deputy

General Counsel, and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before PROST,[*] *Chief Judge*, TARANTO and CHEN, *Circuit Judges.*

PER CURIAM.

Cheryl L. Swanson seeks review of a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") finding no clear error in the Board of Veterans' Appeals ("Board") decision denying Ms. Swanson's claims for: (1) service connection for a cervical spine condition, residuals of a head injury, and a mitral valve prolapse; and (2) benefits for residuals of a hysterectomy.[1] Because Ms. Swanson raises no issue within our jurisdiction, we dismiss her appeal.

---

[*]    Sharon Prost assumed the position of Chief Judge on May 31, 2014.

[1]    Ms. Swanson filed a motion requesting oral argument in this case on June 4, 2014. However, as noted in our Guide for Pro Se Petitioners and Appellants, oral argument is rarely needed in pro se cases. *See Guide for Pro Se Petitioners* (Feb. 11, 2014), http://www.cafc.uscourts.gov/images/stories/rules-of-practice/pro_se_updated_2-11-2014.pdf. After reviewing Ms. Swanson's case, we conclude that oral argument would not assist the court in deciding this appeal and, therefore, we deny the motion. Ms. Swanson also filed a motion to supplement the record on June 4, 2014. We grant this motion, and we have considered all of Ms. Swanson's submitted supplemental documents.

BACKGROUND

Ms. Swanson served on active duty in the U.S. Air Force from June 1973 to February 1975, and in the U.S. Navy from March 1977 to March 1979. Her service treatment records reflect psychiatric and gynecological problems, but no heart, neck, or upper spine problems.

Ms. Swanson claims that she suffered a neck injury, a head injury, and a traumatic brain injury in a car accident while she was serving in the Air Force. However, there is no indication of the accident or of any resulting injuries in her service records.[2] A medical examiner concluded that Ms. Swanson's cervical spine condition had a "clear onset" in 2002, twenty-three years after she left the military and after she was injured at a Boy Scout camp. Similarly, her medical records only indicate symptoms of a head injury after she was injured at the Boy Scout Camp.

Next, Ms. Swanson claims that she suffers from mitral valve prolapse. However, both her service treatment records and later medical records show no complaints, treatments, or positive test results for this problem.[3]

Because Ms. Swanson did not present any medical evidence connecting these conditions to her military service, the Veterans Court affirmed the Board's denial of Ms. Swanson's cervical spine condition, head injury, and mitral valve prolapse claims.

---

[2] There is also no indication of the accident or of any resulting injuries in the additional medical records that Ms. Swanson submitted to the court on June 4, 2014.

[3] Again, there is no mention of this condition in the medical records that Ms. Swanson submitted on June 4, 2014.

Ms. Swanson underwent a hysterectomy in October 2006, and the Veterans Court granted a service connection for this procedure. She currently has a fifty percent evaluation, and she is also receiving special monthly compensation for loss of a creative organ. Ms. Swanson now seeks benefits for residuals from that surgery premised upon the medical treatment she received. The Veterans Court affirmed the Board's denial of Ms. Swanson's surgical residual claim because the surgery was not performed in an approved facility.

Ms. Swanson then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

### DISCUSSION

We have limited jurisdiction to review appeals from the Veterans Court. While we review challenges to the validity of statutes or regulations as well as constitutional issues, we lack jurisdiction to review challenges to factual determinations. *See* 38 U.S.C. § 7292. And if we determine that we lack jurisdiction over all claims, we are forced to dismiss an appeal.

In Ms. Swanson's informal brief in support of her appeal, she alleges that the Veterans Court decided a constitutional issue, over which we would have jurisdiction under 38 U.S.C. § 7292(c). She then alleges that her due process rights were violated because she was a victim of sexual discrimination, but she does not explain why she believes she has experienced discrimination. Instead, Ms. Swanson submitted a letter, dated October 9, 2009, from a licensed psychologist which states that Ms. Swanson "reports a history of sexual trauma in the military." She also cites *Davis v. Passman*, 442 U.S. 228 (1979), a case that addressed discrimination in the workplace on the basis of sex and the Fifth Amendment. This statement, even when considered along with the psychologist's letter, does not support Ms. Swanson's contention that her constitutional rights were violated by the Veterans

Court's affirmance of the Board's decision. Therefore, she has not raised a genuine constitutional issue that could provide a basis for our jurisdiction.

Ms. Swanson also argues that the Veterans Court failed to decide an issue correctly, but she does not support this allegation with anything more than the phrase "controversies to which the United States shall be a part" followed by citations to two Supreme Court cases addressing the scope of the judicial power under Article III. Ms. Swanson has offered no explanation as to why these Supreme Court cases are applicable to her appeal. Therefore, Ms. Swanson has also not raised any issue concerning the validity or interpretation of any statute, regulation, or rule of law relied upon by the Veterans Court that could provide a basis for our jurisdiction.

Finally, Ms. Swanson questions the inclusion in her claims file of an article from the *Portsmouth Daily Times*, dated March 20, 2007, that discusses a lawsuit she filed against the Boy Scouts as a result of an alleged head injury she suffered while at a Boy Scout camp ground. At the time the article was submitted, Ms. Swanson was represented by Disabled American Veterans ("DAV"), and she signed a form which authorized DAV to act on her behalf with regard to claims for benefits. Evidence indicates that DAV submitted the *Portsmouth Daily Times* article to be included in her file. In any event, on appeal Ms. Swanson has not alleged nor is there any indication that including this article in the file resulted in any prejudice. Therefore, Ms. Swanson has not raised any additional arguments that grant our court jurisdiction over her appeal.

## CONCLUSION

For the foregoing reasons, we conclude that Ms. Swanson has failed to raise any issue that could provide a basis for our jurisdiction. Therefore, we dismiss this appeal.

**DISMISSED**

Costs

Each party shall bear its own costs.